UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY RICHARDSON,

       Plaintiff,

v.

CATHERINE BAUMAN, et al.,

       Defendant.

_____/

File No. 2:12-CV-435

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

On February 10, 2015, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for summary judgment be denied. (ECF No. 127.) This matter is before the Court on Plaintiff's objections to the R&R (ECF No. 128). For the reasons established below, this Court will adopt the recommendation of the Magistrate Judge and will deny Plaintiff's motion for summary judgment. The Court will grant Plaintiff's motion for an attorney. (ECF No. 98.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff has submitted only general objections to the Magistrate Judge's report and renews his request for assistance from an attorney. The Court notes that Defendants have not filed affidavits or other evidence that respond directly to the merits of Plaintiff's motion for summary judgment. Nevertheless, upon reviewing the evidence presented in Plaintiff's pleadings and affidavits, the Court finds that Plaintiff has not shown facts supporting each element of his Eighth Amendment claim of deliberate indifference.

Plaintiff has no constitutional right to a court-appointed attorney in this civil case. *Abdul-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). The Court may, however, request an attorney to serve as counsel as a privilege that is justified only in exceptional circumstances. *See Lavabo v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Defendants have raised several defenses and have filed various objections and motions that rest on procedural grounds. The Court has carefully considered these facts and determines that the assistance of counsel appears necessary to the proper presentation of Plaintiff's position in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF No. 128) are **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 10, 2015, R&R (ECF No. 127) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 79) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for an immediate hearing and judgment against Defendants (ECF No. 91) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for the court to grant judgment (ECF No. 104) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 98) is **GRANTED .**


Dated: March 5, 2015 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE