UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY RICHARDSON #361621,

       Plaintiff,                                Case No. 2:12-cv-435

v.                                              HON. ROBERT HOLMES BELL

CATHERINE BAUMAN, et al.,

       Defendants.
_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 10, 2015, Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") (ECF No. 136) recommending that Defendants' motion for summary judgment (ECF No. 110) be granted in part and denied in part. Additionally, the Magistrate Judge recommended that Plaintiff's motion to bar Defendants from obtaining summary judgment (ECF No. 119) be denied. Plaintiff has not filed an objection to the R&R. The matter is before the Court on Defendants' objections to the R&R. (ECF No. 137.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

**I.**

The R&R recommends that Defendants' motion for summary judgment (ECF No. 110) be granted as to Defendants MacLaren, Caruso, Sherry, McBurney, Beaulieu, Perry, Konrad, Gilbert, Heeman, Trierweiler, Carbury, and Boynton. (ECF No. 136.) The R&R recommends that Defendants' motion for summary judgment be granted as to all claims against Defendants Nadeau, Mansfield, Robinson, Swift, Bauman, Lesatz, Spader, Rutter, and Contreras, except for Plaintiff's Eighth Amendment claim involving the 2009 stabbings and Plaintiff's Eight Amendment claim involving the attempted transfer of Plaintiff to Newberry Correctional Facility. (*Id.*) The Court agrees with the Magistrate Judge's recommendations.

Defendants' objections center on the Magistrate Judge's recommendation that Plaintiff's claim against Defendants Bauman, Lesatz, Spader, and Rutter[1] involving the attempted transfer of Plaintiff to Newberry Correctional Facility in 2011 be denied.

On April 28, 2011, Plaintiff filed a grievance against Defendants Bauman, Lesatz, Spader, Rutter, and Contreras for their failure to inform Plaintiff of death threats made against him in a letter sent on April 1, 2011. The letter stated that Plaintiff would be killed if he went to Newberry Correctional Facility. Plaintiff argues that Defendants Bauman, Lesatz, Spader, and Rutter's attempt to transfer him to Newberry Correctional Facility on November 14, 2011, despite the letter, violated his Eighth Amendment right to be protected from foreseeable violence perpetrated by other inmates. Defendants argued that Plaintiff cannot proceed on this claim because Plaintiff did not suffer a

---

[1] While the R&R also includes Defendant Contreras, because Plaintiff's complaint (ECF No. 1, ¶ 20), only includes the above mentioned Defendants in relation to this claim, Defendant Contreras will not be considered in connection with the attempted transfer of Plaintiff to Newberry Correctional Facility in 2011.

physical injury as a result of Defendants' attempt to transfer Plaintiff to Newberry Correctional Facility. (Defs.' Br. at 4.) The Magistrate Judge, quoting *King v. Zamiara*, 788 F.3d 207, 212 (6th Cir. 2015), stated that "'deprivations of [constitutional] rights are themselves injuries, apart from any mental, emotional, or physical injury that might also arise from the deprivation, and that § 1997e(e) does not bar all relief for injuries to [constitutional] rights.'" The Magistrate Judge found that "[i]n light of the holding in *King v. Zamiara*, it is clear that Plaintiff need not suffer physical harm to recover compensatory damages for a failure to protect claim under § 1997e(e)." Defendants object to the Magistrate Judge's recommendation, arguing that *King* is limited to claims seeking relief for injuries to First Amendment rights.

## II.

The Prison Litigation Reform Act (PLRA) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit recently interpreted this provision in *King*, and distinguished constitutional injuries from mental or emotional injuries. *King*, 788 F.3d at 213. The Court stated that "[t]he statute provides that a prisoner may not bring a civil action *for mental or emotional injury* unless he has also suffered a physical injury. 42 U.S.C. § 1997e(e). It says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries." *Id.* (citing *Rowe v. Shake*, 196 F.3d 778, 781-82 (7th Cir. 1999); *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998)) (emphasis in original).

While *King* is a First Amendment case, the Court did not indicate that the outcome in an Eighth Amendment case should be any different. In fact, in support of the Court's assertion that the

3

"plain language of the statute does not bar claims for constitutional injury that do not also involve physical injury," the Court cites to a Seventh Circuit case holding that a physical injury is not required for a prisoner to bring an Eighth Amendment claim. *See Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) ("It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits. The domain of the statute is limited to suits in which mental or emotional injury is claimed.").

Defendants rely on *Harden-Bey v. Rutter*, 524 F.3d 789 (6th Cir. 2008), and *Jones v. Raye*, No. 12-6568, 2014 U.S. App. LEXIS 24908 (6th Cir. June 3, 2014) for the proposition that "it is established law in the Sixth Circuit that a prisoner fails to state an Eighth Amendment claim when the prisoner fails to allege a physical injury." In *Harden-Bey*, the Court noted that the plaintiff made "no allegations that rise to the level of an Eighth Amendment violation." 524 F.3d at 795. Consistent with *King*, the Court found that "[e]ven if we read [the plaintiff's] complaint to allege *emotional or mental injuries*, [the plaintiff] cannot bring an Eighth Amendment claim *for such injuries* because he did not allege a physical injury." *Id.* (citing 42 U.S.C. § 1997e(e)) (emphasis added). Similarly, in *Jones*, the Court noted that "Jones failed to state a claim for an Eighth Amendment violation" when he was placed in segregation. 2014 U.S. App. LEXIS 24908, at *5. Neither case supports the proposition that if an Eighth Amendment violation is properly alleged, the prisoner must also show that a physical injury resulted from that violation.

While it is unclear at this stage whether the failed attempt to transfer Plaintiff to Newberry Correctional Facility rises to the level of an Eighth Amendment violation, as the Magistrate Judge stated, Defendants' motion for summary judgment "merely assert[s] that Plaintiff is not entitled to being incarcerated in a particular prison. However, this argument has no bearing on an Eighth

Amendment analysis." Moreover, Defendants' objections to the R&R focus solely on the Magistrate Judge's correct interpretation of *King*. Accordingly, Plaintiff's Eighth Amendment claim involving the attempted transfer survives Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's August 10, 2015, R&R (ECF No. 136) is **APPROVED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 110) is **GRANTED** as to Defendants MacLaren, Caruso, Sherry, McBurney, Beaulieu, Perry, Konrad, Gilbert, Heeman, Trierweiler, Carbury, Boynton, and Contreras, and these Defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 110) is **DENIED** as to Plaintiff's Eighth Amendment claims involving the 2009 stabbings, as well as Plaintiff's attempted transfer to Newberry, against Defendants Nadeau, Mansfield, Robinson, Swift, Bauman, Lesatz, Spader, and Rutter.

**IT IS FURTHER ORDERED** that all other claims against Defendants Nadeau, Mansfield, Robinson, Swift, Bauman, Lesatz, Spader, and Rutter are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to bar Defendants from obtaining summary judgment (ECF No. 119) is **DENIED**.


Dated: September 14, 2015                                  /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE