UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY RICHARDSON,

      Plaintiff,

                                            Case No. 2:12-cv-435

v.

                                            HON. ROBERT HOLMES BELL

CATHERINE BAUMAN, et al.

      Defendants.
                                        /

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On August 24, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant's motion for summary judgment (ECF No. 157) be granted and that the case be dismissed. (ECF No. 170.) This matter is before the Court on Plaintiff's Objections to the R&R. (ECF No. 171.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the Magistrate Judge's determination that Plaintiff has not shown that any Defendant acted with deliberate indifference to Plaintiff's request for protection.

Plaintiff argues that the Magistrate Judge did not view the evidence in the light most favorable to Plaintiff, and made improper credibility determinations. Plaintiff contends that he has shown that the Defendants acted with deliberate indifference to Plaintiff's request for protection, in violation of the Eighth Amendment. He argues that Defendants were aware of a substantial risk of serious harm, and that the threatening letters, his many requests for protection, his deposition testimony, as well as several of the Defendants' deposition testimony demonstrate deliberate indifference.

To support an Eighth Amendment claim, Plaintiff must show that Defendants knew of and disregarded an excessive risk to Plaintiff's safety. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Plaintiff must demonstrate that Defendants were aware of facts from which the inference could be drawn that a substantial risk of harm exists, and that Defendants drew the inference. *Id.* Plaintiff must establish "something more than a lack of ordinary due care, inadvertence, or error; the conduct must instead be 'obdurate' or 'wanton'—exhibiting recklessness or callous neglect." *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993) (citing *Whitley v. Albers*, 475 U.S. 312, 318 (1986)). Plaintiff must show that each Defendant was deliberately indifferent to Plaintiff's risk of injury. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz,* 852 F.2d 876, 880-81 (6th Cir. 1988).

The evidence, when viewed in light most favorable to Plaintiff, does not establish obdurate, wanton, or reckless neglect on behalf of Defendants. At best, the evidence shows that Defendants may have been negligent. Defendants investigated Plaintiff's protection requests and grievances, the threatening letters, and the two physical attacks on Plaintiff. Because Plaintiff could not provide Defendants with any specific information about the

threats or attacks, Defendants could not verify this information. As a result, Defendants denied Plaintiff's protection requests. Based on the lack of information, Defendants took reasonable measures to abate Plaintiff's serious risk of harm. Thus, Plaintiff has not shown that Defendants acted with deliberate indifference.

The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned, and Plaintiff's objections are without merit. For the reasons explained by the R&R, the Court will grant Defendants' motion for summary judgment (ECF No. 157), and finds that there is no good-faith basis for an appeal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 171) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 24, 2016 R&R (ECF No. 170) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 157) is **GRANTED** and this case is **DISMISSED**.

A judgment will be entered that is consistent with this order.

Dated: September 13, 2016          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE